UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., *et al.*, | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors. | (Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF) |
| _____/ | |
| NEIL F. LURIA, as Trustee to the TAYLOR, BEAN & WHITAKER PLAN TRUST, | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |
| _____/ | |

### COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Neil F. Luria, as Trustee for the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"), pursuant to 11 U.S.C. §§ 544, 547, 548 and 550, and Fla. Stat. § 726.105 and 726.106 sues[1] the Defendant, United Parcel Service (the "Defendant") to avoid and recover preferential and fraudulent transfers, and in support thereof, alleges:

---

[1] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Plaintiff may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "Claims"), Plaintiff reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right. If the Defendant has a claim against the estate then this Complaint commences an objection to the allowance thereof because the Defendant has failed to disgorge a preferential and/or fraudulent transfer it received.

## JURISDICTION

1. This adversary proceeding is brought to recover preferential and fraudulent transfers pursuant to Sections 544, 547, 548 and 550 of the Bankruptcy Code, and Sections 726.105 and 726.106 of the Florida Statutes.

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(F) and (H).[2]

## PARTIES AND PROCEDURAL BACKGROUND

3. Taylor, Bean & Whitaker Mortgage Corp. (the "Debtor") commenced its bankruptcy case on August 24, 2009 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

4. On July 21, 2011, the Bankruptcy Court entered its order confirming the *Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") (Order, D.E. # 3420). Pursuant to the Plan, and the Taylor, Bean & Whitaker Plan Trust, the Plaintiff, as Trustee of the Plan, is empowered to commence this case against the Defendant.

---

[2] By filing this Complaint in the office of the Clerk of the Bankruptcy Court Plaintiff is necessarily filing it within the District Court as the Bankruptcy Court is, at the very least for administrative purposes, a unit of the District Court. 28 U.S.C. § 151. Moreover, the District Court's Order of Assignment of Cases Arising Under Title 11, United States Code, No. 84-MISC-152 mandates that actions arising in or under or related to cases under title 11 of the United States Code be immediately referred the Bankruptcy Court, and by longstanding practice such adversary proceedings are therefore filed at the office of the Clerk of the Bankruptcy Court and not the office of the Clerk of the District Court. At least one federal court opinion outside this circuit purporting to apply the teaching of the recently decided case by the United States Supreme Court, *Stern v. Marshall*, 131 S.Ct. 2594 (2011), suggested that adversary proceedings like this one are outside the Bankruptcy Court's jurisdiction to hear or determine, necessitating dismissal of the complaint without consideration of the more reasonable option of simply withdrawing the reference so that an Article III district judge will be the judicial officer to enter judgment. While Plaintiff vigorously disagrees with such opinion(s), in an abundance of caution, Plaintiff requests that, in the event that it is later determined by this or any other court of competent jurisdiction that the Bankruptcy Court may not enter final judgment in this adversary proceeding, the District Court's reference of this adversary proceeding be withdrawn or be deemed withdrawn, as necessary, so that the merits of the complaint may be heard by a constitutionally authorized judicial officer and not dismissed.

5. The Defendant is an entity with a principal place of business at 55 Glenlake Parkway, N.E., Atlanta, GA 30328.

6. Prior to the Petition Date, the Debtor made payment(s) to the Defendant totaling $86,307.70 and $14,689.98 (the "Payments"). The Plaintiff sent a letter to the Defendant demanding the return of the Payments. As of the date of the filing of this complaint, the Defendant has not paid the amount demanded by the Plaintiff.

### COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

7. Plaintiff realleges the allegations set forth in paragraphs 1 through 6, and incorporates those allegations by reference.

8. On or within 90 days before the Petition Date, that is, between May 25, 2009 and August 24, 2009 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including the Defendant.

9. The Debtor transferred property of the Debtor to the Defendant during the Preference Period in an amount not less than $86,307.70 (the "90-Day Transfers"). Attached hereto as "Exhibit A"; and incorporated herein by reference, is a list of the Transfers presently known to Plaintiff to have been made by the Debtor to the Defendant. The exhibit includes: (i) the name of the Defendant, (ii) the Defendant's address, (iii) the check or wire number of each transfer, (iv) the amount of each transfer, and (v) the date each check cleared the bank.

10. During the pendency of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revision to the

-3-

Defendant's name, and/or (iv) additional defendants (collectively, the "Amendments"), that may become known and to request that the Amendments relate back to this original Complaint.

11. The Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. § 101(10)(A) at the time of the 90-Day Transfers. At the time of the Transfers, the Defendant had or claimed a right to payment on account of an obligation owed to the Defendant by the Debtor.

12. The 90-Day Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the 90-Day Transfers either reduced or fully satisfied a debt then owing by the Debtor to the Defendant.

13. The 90-Day Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before the Transfers were made and the antecedent debts to which each Transfer related are identified on the attached Exhibit A.

14. The source of the funds for the 90-Day Transfers were property of the Debtor or property in which the Debtor had an interest.

15. Inasmuch as on the date of each 90-Day Transfer, the fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* [D.E. # 2144] filed by the Debtor in the Bankruptcy Case, the Debtor was insolvent at all times during the 90 days prior to the Petition Date.

16. As a result of the 90-Day Transfers, the Defendant received more than it would have received if: (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) the Defendant received payment of its claims under the provisions of the Bankruptcy Code.

BERGER SINGERMAN
attorneys at law                    Boca Raton   Fort Lauderdale   Miami   Tallahassee

17.     In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**WHEREFORE**, the Plaintiff requests the Court to enter a Judgment:

a.     Declaring the 90-Day Transfers, in the amount of $86,307.70, to have been preferential transfers pursuant to Section 547 of the Bankruptcy Code;

b.     Disallowing any Claim that the Defendant may have against the Debtor;

c.     Avoiding the 90-Day Transfers as preferential transfers in violation of Section 547(b) of the Bankruptcy Code;

d.     Requiring the payment of the 90-Day Transfers to the Plaintiff; and

e.     Granting such other and further relief as may be just and proper.

### COUNT II – FRAUDULENT TRANSFERS
### PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

18.     Plaintiff realleges the allegations set forth in paragraphs 1 through 6 and incorporates those allegations by reference.

19.     On or within two years of the Petition Date, that is between August 24, 2007 and August 24, 2009, the Debtor made transfers of property by checks, cashier checks, wire transfers or otherwise (the "Two-Year Transfers") to the Defendant as detailed on the attached Exhibit B, which contains: (i) the Defendant's identity, (ii) the Defendant's address, (iii) a list of payments received by the Defendant from the Debtor during the applicable time frame, (iv) the amount of each payment received, and (v) the clearance date of each payment.

20.     Plaintiff made the Two-Year Transfers to the Defendant with the actual intent to hinder, delay or defraud an entity to which the Debtor was or became, on or after the date such transfers were made, indebted.

BERGER SINGERMAN     *Boca Raton   Fort Lauderdale   Miami   Tallahassee*
attorneys at law

**WHEREFORE**, the Plaintiff requests the Court to enter a Judgment:

a.  Declaring the Two-Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code;

b.  Disallowing any claim that the Defendant may have against the Debtor;

c.  Avoiding the Two-Year Transfers made to the Defendant as fraudulent transfers in violation of Section 548(a)(1)(A) of the Bankruptcy Code;

d.  Requiring Defendant to repay the Two-Year Transfers to the Plaintiff; and

e.  Granting such other and further relief as may be just and proper.

## COUNT III – FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

21. Plaintiff realleges the allegations set forth in paragraphs 1 through 6 and incorporates those allegations by reference.

22. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

23. The fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* [D.E. # 2144] filed by the Debtor in the Bankruptcy Case. Therefore, the Debtor was insolvent at the time the Two-Year Transfers were made or became insolvent as a result of the Transfers.

24. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

25. Alternatively, the Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

BERGER SINGERMAN
attorneys at law          *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

**WHEREFORE**, the Plaintiff respectfully requests the Court to enter a Judgment:

a. Declaring the Two-Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

b. Disallowing any claim that the Defendant may have against the Debtor;

c. Avoiding the Two-Year Transfers made to the Defendant as fraudulent transfers under § 548(a)(1)(B) of the Bankruptcy Code;

d. Requiring Defendant to repay the Two-Year Transfers to the Plaintiff; and

e. Granting such other and further relief as may be just and proper.

### COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(A) OF THE FLORIDA STATUTES

26. Plaintiff realleges the allegations set forth in paragraphs 1 through 6 and incorporates those allegations by reference.

27. On or within four years of the Petition Date, that is between August 24, 2005 and August 24, 2009, the Debtor made transfers of property reflected on Exhibit B to the Defendant (the "Four-Year Transfers"); the exhibit contains: (i) the Defendant's identity, (ii) the Defendant's address, (iii) a list of each payment received by the Defendant from the Debtor during the applicable time frame, (iv) the amount of each payment received, and (v) the date each check cleared the bank.

28. The Four-Year Transfers were made by the Debtor with the actual intent to hinder, delay or defraud a creditor of the Debtor.

29. At the time of each transfer reflected on Exhibit B there existed at least one actual creditor of the Debtor that was harmed by the transfer.

30. The Four-Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes.

**WHEREFORE**, the Plaintiff respectfully requests the Court to enter a Judgment:

a. Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(a) of the Florida Statutes;

b. Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.105(1)(a) of the Florida Statutes;

c. Requiring Defendant to repay the Four-Year Transfers to the Plaintiff;

d. Disallowing any claim that the Defendant may have against the Debtor until such time as the Defendant repays the transfers pursuant to 11 U.S.C. § 502(d); and

e. Granting such other and further relief as may be just and proper.

**COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES**

31. Plaintiff realleges the allegations set forth in paragraphs 1 through 6 and incorporates those allegations by reference

32. Within the four year period preceding the Petition Date, the Debtor made transfers of property to the Defendants as reflected on Exhibit B.

33. The Debtor made the transfers described in Exhibit B without receiving reasonably equivalent value in exchange.

34. The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to its business or transaction.

35. Alternatively, the Debtor intended to incur, or believed it would incur, debts that would be beyond the Debtor's ability to pay as they became due.

36. At the time of each transfer reflected on Exhibit B there existed at least one actual creditor of the Debtor that was harmed by the transfer.

**WHEREFORE**, the Plaintiff respectfully requests the Court to enter a Judgment:

a. Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

b. Disallowing any claim that the Defendant may have against the Debtor;

c. Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.105(1)(b) of the Florida Statutes;

d. Requiring the Defendant to repay the Four-Year Transfers to the Plaintiff; and

e. Granting such other and further relief as may be just and proper.

### COUNT VI – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES

37. Plaintiff realleges the allegations set forth in paragraphs 1 through 6 and incorporates those allegations by reference.

38. The Debtor made the Four-Year Transfers referenced on attached Exhibit B without receiving reasonably equivalent value in exchange for the Transfers.

39. Inasmuch as on the date of each of each Four-Year Transfer, the fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* [D.E. # 2144] filed by the Debtor in the Bankruptcy Case, the Debtor was insolvent at the times of the Four-Year Transfers or became insolvent as a result of the Transfers.

BERGER SINGERMAN
attorneys at law                    *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

40. At the time of each transfer reflected on Exhibit B there existed at least one actual creditor of the Debtor that was harmed by the transfer.

**WHEREFORE**, the Plaintiff respectfully requests the Court enter a Judgment:

a. Declaring the Four-Year Transfers to have been fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

b. Disallowing any claim that the Defendant may have against the Debtor;

c. Avoiding the Four-Year Transfers as fraudulent transfers in violation of Section 726.106(1) of the Florida Statutes;

d. Requiring the Defendant to repay the Four year Transfers to the Plaintiff; and

e. Granting such other and further relief as may be just and proper.

### COUNT VII – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

41. Plaintiff realleges the allegations set forth in paragraphs 1 through 40 and incorporates those allegations by reference.

42. The 90-Day Transfers, the Two-Year Transfers and the Four-Year Transfers (collectively, the "Transfers") are avoidable pursuant to Sections 544, 547 and 548 of the Bankruptcy Code and, as a result, the Transfers are recoverable by the Plaintiff pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff requests that the Court:

a.  Entering a money judgment against the Defendant for the amount of the avoided Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b.  Disallowing any claim that the Defendant may have against the Debtor; and

c.  Granting such other and further relief as may be just and proper.

Dated: August 23, 2011

BERGER SINGERMAN, P.A.
Attorneys for Plaintiff
200 S. Biscayne Blvd., Ste. 1000
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  */s/ Kristopher Aungst*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Kristopher Aungst
Florida Bar No. 55348
kaungst@bergersingerman.com

**EXHIBIT A**

BERGER SINGERMAN
attorneys at law          *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

UNITED PARCEL SERVICE
55 GLENLAKE PARKWAY, N.E.
ATLANTA, GA  30328

| Check Number | Date Cleared | Amount |
|---|---|---|
| 00261970 | 6/1/2009 | 14,111.69 |
| **00261970  Total** | | **$ 14,111.69** |
| 00262426 | 6/8/2009 | 8,982.16 |
| **00262426  Total** | | **$  8,982.16** |
| 00263110 | 6/15/2009 | 5,872.23 |
| **00263110  Total** | | **$  5,872.23** |
| 00263745 | 6/19/2009 | 11,762.36 |
| **00263745  Total** | | **$ 11,762.36** |
| 00264582 | 6/29/2009 | 8,701.37 |
| **00264582  Total** | | **$  8,701.37** |
| 00264756 | 7/1/2009 | 543.35 |
| 00264756 | 7/1/2009 | 32.60 |
| 00264756 | 7/1/2009 | 1.96 |
| **00264756  Total** | | **$     577.91** |
| 00265267 | 7/6/2009 | 7,330.11 |
| **00265267  Total** | | **$  7,330.11** |
| 00265816 | 7/10/2009 | 6,390.07 |
| **00265816  Total** | | **$  6,390.07** |
| 00266714 | 7/23/2009 | 6,771.14 |
| **00266714  Total** | | **$  6,771.14** |
| 00267457 | 7/29/2009 | 8,867.73 |
| **00267457  Total** | | **$  8,867.73** |
| 00268367 | 8/3/2009 | 6,940.93 |
| **00268367  Total** | | **$  6,940.93** |
| **Grand Total** | | **$ 86,307.70** |

**EXHIBIT B**

BERGER SINGERMAN
attorneys at law

Boca Raton    Fort Lauderdale    Miami    Tallahassee

United Parcel Service
55 Glenlake Parkway, N.E.
Atlanta, GA 30328

| Originating Account | Check/Wire | Payment Made on Behalf of: | Date Cleared | Amount |
|---|---|---|---|---|
| x0732 | 165191 | Quality Title | 03/02/06 | $ 24.46 |
| x0732 | 161965 | Quality Title | 01/04/06 | 158.04 |
| x0732 | 165492 | Quality Title | 03/09/06 | 88.71 |
| x0732 | 167659 | Citrus Land Title, LLC | 04/06/06 | 16.65 |
| x0732 | 167659 | Citrus Land Title, LLC | 04/06/06 | 116.72 |
| x0732 | 167661 | Quality Title | 04/06/06 | 139.90 |
| x0732 | 163855 | Quality Title | 02/06/06 | 31.85 |
| x0732 | 162502 | Quality Title | 01/10/06 | 57.86 |
| x0732 | 163855 | Quality Title | 02/06/06 | 39.78 |
| x0732 | 163855 | Quality Title | 02/06/06 | 23.79 |
| x0732 | 163855 | Quality Title | 02/06/06 | 303.32 |
| x0732 | 163855 | Quality Title | 02/06/06 | 308.69 |
| x0732 | 163855 | Quality Title | 02/06/06 | 342.93 |
| x7028 | 168545 | Citrus Land Title, LLC | 04/17/06 | 672.91 |
| x7028 | 168545 | Citrus Land Title, LLC | 04/17/06 | 418.00 |
| x7028 | 168545 | Citrus Land Title, LLC | 04/17/06 | 7.00 |
| x7028 | 168545 | Citrus Land Title, LLC | 04/17/06 | 380.19 |
| x7028 | 168545 | Citrus Land Title, LLC | 04/17/06 | 363.98 |
| x7028 | 168532 | Quality Title | 04/17/06 | 423.32 |
| x7028 | 166099 | Citrus Land Title, LLC | 03/17/06 | 764.02 |
| x7028 | 166099 | Citrus Land Title, LLC | 03/17/06 | 339.58 |
| x7028 | 166099 | Citrus Land Title, LLC | 03/17/06 | 541.41 |
| x7028 | 166099 | Citrus Land Title, LLC | 03/17/06 | 485.09 |
| x0732 | 166109 | Quality Title | 03/17/06 | 80.83 |
| x0732 | 164415 | Quality Title | 02/13/06 | 50.23 |
| x7028 | 168647 | Quality Title | 04/20/06 | 357.93 |
| x0732 | 164636 | Quality Title | 02/21/06 | 26.65 |
| x0732 | 166536 | Quality Title | 03/23/06 | 107.58 |
| x7028 | 168846 | Citrus Land Title, LLC | 04/21/06 | 343.12 |
| x7028 | 168846 | Citrus Land Title, LLC | 04/21/06 | 314.60 |
| x7028 | 168852 | Citrus Land Title, LLC | 04/21/06 | 424.68 |
| x7028 | 168852 | Citrus Land Title, LLC | 04/21/06 | 231.52 |
| x7028 | 168852 | Citrus Land Title, LLC | 04/21/06 | 85.04 |
| x7028 | 168852 | Citrus Land Title, LLC | 04/21/06 | 80.82 |
| x0732 | 164636 | Quality Title | 02/23/06 | 64.54 |
| x7028 | 167172 | Citrus Land Title, LLC | 03/30/06 | 491.84 |
| x7028 | 167172 | Citrus Land Title, LLC | 03/30/06 | 373.94 |
| x7028 | 167172 | Citrus Land Title, LLC | 03/30/06 | 597.23 |
| x7028 | 167172 | Citrus Land Title, LLC | 03/30/06 | 384.92 |

| | | | | |
|---|---|---|---|---|
| x0732 | 167166 | Quality Title | 03/30/06 | 135.71 |
| TBD | TBD | Brick City Accounting & Financial Services, Inc. | 01/11/08 | 233.50 |
| x7028 | 251037 | Maslow Insurance Agency | 02/05/09 | 34.67 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 356.71 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 247.44 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 90.89 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 17.00 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 15.31 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 55.46 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 149.21 |
| x7028 | 200781 | Home Mortgage Consultants | 07/12/07 | 541.20 |
| x7028 | 1074 | Home Mortgage Consultants | 10/01/07 | 710.00 |
| x7028 | 161466 | Quality Title | 12/21/05 | 324.74 |
| x7028 | 161467 | Quality Title | 12/21/05 | 351.90 |
| x7028 | 161474 | Quality Title | 12/21/05 | 36.56 |
| x7028 | 161468 | Quality Title | 12/21/05 | 302.05 |
| x7028 | 169530 | Quality Title | 04/28/06 | 124.42 |
| x7028 | 170717 | Quality Title | 05/12/06 | 266.79 |
| x7028 | 170717 | Quality Title | 05/12/06 | 202.45 |
| x7028 | 171428 | Quality Title | 05/19/06 | 199.32 |
| x7028 | 171959 | Quality Title | 05/30/06 | 112.09 |
| x7028 | 173653 | Quality Title | 06/22/06 | 48.57 |
| x7028 | 173653 | Quality Title | 06/22/06 | 43.92 |
| x7028 | 173675 | Quality Title | 06/23/06 | 26.40 |
| **Total** | | | | **$ 14,689.98** |